Filed 9/28/21  P. v. Flemmings CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092553 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F08683) |
| v. | |
| LARNELL LEE FLEMMINGS, | |
| Defendant and Appellant. | |

A jury found defendant Larnell Lee Flemmings and his codefendant guilty of first degree murder and two counts of attempted murder.[1]  The jury found true the special circumstance that the murder was committed during the commission of, or attempted

---

[1] A conviction for attempted robbery was dismissed by this court on appeal.  (*People v. Flemmings* (Jun. 27, 2003, C033687) [nonpub. opn.] (*Flemmings*).)

1

commission of, a robbery under Penal Code section 190.2, subdivision (a)(17)(A).[2] We affirmed these convictions on appeal. (*Flemmings, supra,* C033687.)[3]

Defendant petitioned the trial court for resentencing based on changes to the felony-murder rule under recently enacted Senate Bill No. 1437 (Senate Bill 1437). (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) The trial court summarily denied his petition after appointing him counsel, but before permitting him to submit briefing, finding defendant was ineligible for resentencing given the jury's true finding on the robbery-murder special circumstance under section 190.2. The court reasoned that in finding the special circumstance true, the jury necessarily found defendant was the actual killer, acted with intent to kill, or was a major participant who acted with reckless indifference to human life during the crimes.

On appeal, defendant argues: (1) having made a prima facie showing that he was eligible for relief under section 1170.95, he was entitled not only to appointment of counsel but also to submit briefing in response to the People's briefing; (2) the trial court exceeded the scope of review by relying on the record of conviction; and (3) it could not be determined from the record of conviction that he was ineligible for relief as a matter of law, because the jury's true finding on the robbery-murder special circumstance and this court's prior opinion did not preclude him from relief as a matter of law. Under the reasoning of our Supreme Court in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), we agree the trial court erred in ruling on the petition before the statutory period allowing defendant to file briefing had run; the trial court was permitted to consider the record of conviction; and any error was harmless under *People v. Watson* (1956) 46 Cal.2d 818

---

[2] Undesignated statutory references are to the Penal Code.

[3] We granted defendant's request to incorporate the record in case No. C033687 into the record for the present appeal.

(*Lewis, supra*, at p. 973), as defendant was ineligible for relief as a matter of law. Accordingly, we affirm the denial of the petition.

## I.  BACKGROUND

We take the facts from the unpublished opinion we issued in 2003 affirming defendant's convictions for murder and attempted murder in *Flemmings, supra.*  In 1997, Ernest Johnson went to a home, known for drug sales, to pick up a friend's dog.  Andrew McKissack told Johnson the dog was in the backyard.  Defendant, Joe Barnes, and Demiantra Clay were also in the house, near the kitchen.  As Johnson walked through the house, Barnes grabbed Johnson, put him in a chokehold and held a gun to his head. Johnson heard defendant and Clay ask where the "dope and money" was.  Clay was also holding a gun.  Defendant left the area briefly and Johnson heard a shot.  When defendant returned to the kitchen area, he also had a gun.  McKissack was sitting on the floor and Clay asked, "Are you all about ready to do this?"  Johnson heard another shot and saw McKissack fall over.  Johnson did not see who had shot McKissack.  Johnson was able to flee and Clay chased him.  As Johnson was running away from Clay, he heard a voice behind him shouting to shoot him.  He was then shot three times.  Johnson sustained gunshot wounds to his back and abdomen.  McKissack died of a gunshot to the head. Another victim, Larry Fort, was found in a bedroom with gunshot wounds in his neck and chest that resulted in paralysis.  (*Flemmings, supra*, C033687.)

During an interview with detectives, defendant admitted planning to rob the house with Clay and Barnes, that the three had entered the house with guns drawn, and he alone had shot all three victims.  Defendant's girlfriend testified she was present when the three talked about committing a robbery, she drove them by the house, and defendant told her he had shot three people that night.  (*Flemmings, supra*, C033687.)

The jury was instructed with CALJIC No. 8.80.1 that to find the special circumstance allegation true, it had to find that defendant was the actual killer, acted with

3

intent to kill, or was a major participant who acted with reckless indifference to human life.[4]

A jury convicted defendant and Clay[5] of first degree murder of McKissack with a special circumstance enhancement allegation (§§ 187, 190.2, subd. (a)(17)(A)), two counts of attempted murder of Johnson and Fort (§§ 664/187), and one count of attempted robbery of Johnson (§§ 664/211), all while personally using a firearm (§ 12022.5, subd. (a)). The trial court sentenced defendant to an aggregate term of life without the possibility of parole on the murder conviction and consecutive terms of life with the possibility of parole on the attempted murder convictions, plus consecutive 10 year terms on three of the firearm enhancements. The sentences on the attempted robbery and attendant firearm enhancement were stayed under section 654.

Defendant appealed his convictions arguing: (1) the trial court erred in admitting his pretrial statements; (2) there was insufficient evidence of attempted robbery; (3) and his life sentence for attempted murder was unauthorized. (*Flemmings, supra*, C033687.) We reversed and dismissed the attempted robbery of Johnson conviction and remanded for resentencing. In all other respects, we affirmed the judgment. (*Ibid.*) On remand, the

---

[4] As relevant here, CALJIC No. 8.80.1 as given provides: "If you are satisfied beyond a reasonable doubt that a defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true. [¶] If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was an actual killer or aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that date [*sic*] unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested or assisted any act in the commission of the murder in the first degree or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited[,] requested, or solicited [*sic*] in the crime of robbery, which resulted in a death of a human being, namely Andrew McKissack."

[5] Barnes was prosecuted separately. (*Flemmings, supra*, C033687.)

trial court resentenced defendant to a term of life without the possibility of parole, plus 41 years four months.

In March 2019, defendant filed a petition for resentencing under section 1170.95. The declaration attached to his petition declared the information "filed against [him] . . . allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; that at trial, he "was convicted of 1st . . . degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine"; and, following the amendments to sections 188 and 189, he "could not now be convicted of 1st . . . degree murder." He did not aver that he was convicted of first degree felony murder and could not now be convicted because he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. Petitioner also requested the appointment of counsel. The trial court appointed counsel for defendant on March 27, 2019.

The trial court granted the People's motion for an extension of time to file their briefing. The People filed a motion to dismiss the petition for resentencing on July 25, 2019, arguing defendant was ineligible for relief based on the true finding on the special circumstance. Without waiting for the statutory period for defendant to file a responsive brief to run, on August 12, 2019, the trial court denied the petition. The trial court found defendant had not shown he was eligible for relief under section 1170.95, because in finding the special circumstance true, "the jury necessarily found that defendant . . . was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life. This as the jury was specifically instructed with CALJIC No. 8.80.1 that it must make such a finding before finding true the . . . section 190.2[, subdivision ](a)(17) robbery-murder special

5

circumstance." Defendant's motion for an extension of time to file a responsive brief, filed on August 13, 2019, was denied as moot.

## II. DISCUSSION

*A.     Statutory Background*

Senate Bill 1437, effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests

6

appointment of counsel. (§ 1170.95, subd. (b).) Section 1170.95, subdivision (c), which dictates how the court must handle the petition, reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Section 1170.95, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*)

B.      *Statutory Procedures*

Defendant contends the trial court erred in summarily denying his petition without following the statutorily mandated procedures of section 1170.95; specifically, permitting him to file a reply to the People's brief. He also contends under the statutory procedures, it was improper for the trial court to consider the record of conviction.

After briefing was completed in this case, our Supreme Court issued its decision in *Lewis, supra*, 11 Cal.5th 952, concluding "that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner

7

makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Id.* at. p. 957.)

The People make no claim defendant did not file "a facially sufficient petition" under section 1170.95, subdivision (a), and the trial court appointed counsel. Accordingly, defendant was also entitled to the opportunity for briefing *before* the superior court could consider the record of conviction to determine his entitlement to relief. The statute explicitly provides the defendant 30 days after the People's brief is filed in which to file his brief. Here, defendant had until August 26, 2019, to file his brief. The trial court's ruling relied on the record of conviction to conclude defendant was ineligible for relief. This ruling issued on August 12, 2019, two weeks before the allotted briefing period had run. Under *Lewis,* this was error.

## C. *Prejudice*

Defendant contends the failure to follow the statutory procedure in this case was prejudicial under *Chapman v. California* (1967) 386 U.S. 18, as it effectively denied him the assistance of counsel. *Lewis* holds we review the denial of counsel for harmless error under *People v. Watson, supra*, 46 Cal.2d 818. (*Lewis, supra*, 11 Cal.5th at p. 973.) Because the denial of counsel and the opportunity to brief the issue are connected in the statute, the same standard of prejudice applies. Defendant "must therefore 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Id*. at p. 974) That is, defendant has the burden of showing it is reasonably probable that if he had been permitted to file briefing, his petition would not have been summarily denied without an evidentiary hearing. (*Ibid.*)

Defendant attempts to meet his burden by arguing the jury's special-circumstance finding did not render him ineligible for relief as a matter of law.**6**  Specifically, he contends the jury did not necessarily find he was the actual killer or acted with intent to kill; and, because the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 changed the definition of what it means to be a major participant, acting with reckless indifference to life, the finding did not establish he was a major participant in the underlying felony.  Thus, he contends the trial court could not rely on the jury's finding to determine he was ineligible for relief under section 1170.95.

Contrary to defendant's argument, the *Banks* and *Clark* decisions did not pronounce new standards for the determination of "major participant" and "reckless indifference" such that the jury's finding is no longer determinative of that issue. "[T]here is no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a *post-Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards.  The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a *post-Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt.  [¶]  Of course, jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack, regardless of whether they were subjected to appellate review.  Nothing in *Banks* or *Clark* supports the automatic invalidation or disregard of such findings by a properly instructed jury." (*People v. Nunez* (2020) 57 Cal.App.5th 78, 94, review granted Jan. 13, 2021, S265918.)

---

**6** Defendant also claims our prior opinion does not resolve the factual issue of whether defendant was the actual killer.  Because we conclude the special circumstance finding precludes him from relief as a matter of law, we need not address this claim.

9

"The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437.  In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations].  By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law.  Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141 (*Galvan*), review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court.  (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802.)  We, however, find the *Galvan* line of cases more persuasive.

Section 1170.95 expressly limits evidentiary hearings to circumstances where a petitioner can demonstrate they "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95,

subd. (a)(3).)  Because the special circumstances finding remains valid and binding, defendant could still be convicted of first degree murder, despite the changes to sections 188 and 189.  It is not reasonably probable that if defendant had been permitted to file briefing, his petition would not have been summarily denied without an evidentiary hearing.

## III.  DISPOSITION

We affirm the order denying defendant's petition for resentencing.

/S/

RENNER, J.


We concur:


/S/

BLEASE, Acting P. J.


/S/

ROBIE, J.